DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lewis A. Bray, appeals from the judgment of the Lorain County Court of Common Pleas which convicted him of domestic violence, felonious assault, and disrupting public services. We affirm.
 I. {¶ 2} Mr. Bray was arrested on November 30, 2001. Subsequently, on January 16, 2002, the Lorain County Grand Jury charged Mr. Bray with one count of domestic violence, in violation of R.C. 2919.25(A), one count of felonious assault, in violation of R.C. 2903.11(A)(1) and (2), and one count of disrupting public services, in violation of R.C. 2909.04(A)(3). Mr. Bray was arraigned and entered a plea of not guilty. Thereafter, on February 15, 2002, Mr. Bray executed a waiver of his speedy trial rights. Two months later, Mr. Bray entered a not guilty by reason of insanity plea and was referred for a psychological evaluation.
 {¶ 3} In September of 2002, Mr. Bray's counsel moved to withdraw, as Mr. Bray had filed a grievance against him. The motion was granted and a new attorney was assigned. Mr. Bray then filed a motion to strike his time waiver, and a jury trial was scheduled for October 28, 2002. Prior to the start of trial, a competency hearing was held and Mr. Bray was found competent to stand trial. He then moved for dismissal of the indictment on speedy trial grounds. The motion was denied and the trial commenced.
 {¶ 4} On the second day of trial, pursuant to a plea agreement, Mr. Bray entered a plea of no contest and agreed to a five-year sentence with credit for time served. The plea was accepted. The trial court found Mr. Bray guilty and sentenced him to five years in prison. Mr. Bray appealed, raising four assignments of error which have been rearranged to facilitate review.
 II. First Assignment of Error
"[Mr. Bray's] conviction must be overturned since he did not waive his right to speedy trial."
 {¶ 5} In his first assignment of error, Mr. Bray contends that his conviction should be overturned as he did not waive his right to a speedy trial. Mr. Bray's contention lacks merit.
 {¶ 6} The Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. State v. Pachay (1980), 64 Ohio St.2d 218, 219. R.C.2945.71, et seq. designates time periods within which the State must bring an accused to trial. The time for speedy trial begins to run when the accused is arrested; however, the actual day of arrest is not included in the calculation. State v. Szorady, 9th Dist. No. 02CA008159, 2003-Ohio-2716, at ¶ 12, citing R.C.2945.71(C)(2) and Akron v. Cody (Sept. 6, 2000), 9th Dist No. 19986. Pursuant to R.C. 2945.71(C)(2), a person charged with a felony must be brought to trial within 270 days after his arrest. In addition, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). Thus, if the accused is held in jail in lieu of bail, the time within which the trial must be held is 90 days. See id.
 {¶ 7} When a court is not in compliance with the time requirements specified in R.C. 2945.71, "a person charged with an offense shall be discharged if he is not brought to trial[.]" R.C. 2945.73(B). Such discharge is a bar to any further criminal proceedings against the accused based on the same conduct. R.C.2945.73(D). The time requirements within which an accused must be brought to trial may be tolled by certain events listed in R.C.2945.72. Specifically, the speedy trial period may be tolled for "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]" R.C. 2945.72(E).
 {¶ 8} Additionally, an accused may waive his rights to a speedy trial, so long as the waiver is knowingly and voluntarily made. State v. O'Brien (1987), 34 Ohio St.3d 7, 9, citingBarker v. Wingo (1972), 407 U.S. 514, 523 L.Ed.2d 101. Such a waiver must be in writing or expressly made on the record in open court. State v. King (1994), 70 Ohio St.3d 158, syllabus, citing O'Brien, 34 Ohio St.3d 7 and State v. Mincy (1982),2 Ohio St.3d 6. A waiver may be limited or unlimited in duration. "[A] waiver that expressly waives the accused's right to a speedy trial under the statute without mentioning a specific time period is unlimited in duration." State v. Kovacek (May 30, 2001), 9th Dist. No. 00CA007713, citing O'Brien, 34 Ohio St.3d 7 at paragraph two of the syllabus. See, also, State v. Smith (Dec. 22, 1999), 9th Dist. No. 98CA007144, citing In re Fuller (Dec. 14, 1994), 9th Dist. No. 16824 (finding that "in the absence of a clearly articulated specific period of time, a waiver is of unlimited duration"); State v. Lee (Apr. 13, 1994), 9th Dist. No. 93CA005671 (rejecting defendant's argument that a waiver, not specifying a limited time frame, was only a waiver for the period of time from the date of the waiver to the originally scheduled date for trial). Furthermore, when a waiver fails to include a specific date as the starting point for the tolling of time, the waiver is deemed to be effective from the date of arrest. Statev. Harris (Oct. 30, 1996), 9th Dist. No. 95CA006275, citingState v. Baugh (Jan 31, 1996), 9th Dist. No. 95CA006124. Once an accused has executed an express, written waiver of unlimited duration, "the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time."O'Brien, 34 Ohio St.3d 7 at paragraph two of the syllabus.
 {¶ 9} In the instant matter, on February 14, 2002, Mr. Bray signed a waiver of his speedy trial rights. He does not assert that this waiver was unknowingly or involuntarily made. Mr. Bray attempted to limit the waiver by inserting the words "Limited Waiver[.]" However, in failing to give a date certain for the beginning and ending points for tolling purposes, the waiver was effective from the date of Mr. Bray's arrest and was unlimited in duration. See Smith, supra; Harris, supra. As such, in order to reassert his right to a speedy trial, Mr. Bray had the burden of filing a formal written objection and demand for trial. SeeO'Brien, 34 Ohio St.3d 7 at paragraph two of the syllabus. The record reflects that Mr. Bray did not make such a formal objection and demand for trial until his attorney filed a motion to strike the time waiver and previously filed motion for continuance, on October 8, 2002.[1] Thereafter, the matter was scheduled for trial. A jury trial commenced on October 28, 2002. Accordingly, as the trial began 20 days after Mr. Bray formally reasserted his right to a speedy trial, and within one year from his arrest, we find that Mr. Bray was brought to trial within a reasonable time. See id; State v. Terry, 12th Dist. No. CA2001-07-012, 2002-Ohio-4378, at ¶ 35 (stating that when a trial commences approximately one year after arrest, the delay has been held to be not presumptively prejudicial). Mr. Bray's first assignment of error is overruled.
 Fourth Assignment of Error
"[Mr. Bray] was denied a fair trial due to prosecutor misconduct."
 {¶ 10} In this assignment of error, Mr. Bray maintains that he was denied a fair trial due to the alleged misconduct of the prosecutor. We disagree.
 {¶ 11} In deciding whether a prosecutor's conduct rises to the level of prosecutorial misconduct, a reviewing court determines if the prosecutor's actions were improper, and, if so, whether the substantial rights of the defendant were actually prejudiced. State v. Smith (1984), 14 Ohio St.3d 13, 14. "Isolated comments by a prosecutor are not to be taken out of context and given their most damaging meaning." State v. Hill
(1996), 75 Ohio St.3d 195, 204, citing Donnelly v.DeChristoforo (1974), 416 U.S. 637, 647, 40 L.Ed.2d 431. Moreover, the defendant must show that there is a reasonable probability that but for the prosecutor's misconduct, the result of the proceeding would have been different. State v. Loza
(1994), 71 Ohio St.3d 61, 83, 1994-Ohio-409, citing Stricklandv. Washington (1984), 466 U.S. 668, 694, 80 L.Ed.2d 674. When the defendant fails to object to the purported acts of prosecutorial misconduct, he waives all but plain error. Statev. Smith, 97 Ohio St.3d 367, 2002-Ohio-6659, at ¶ 45, citingState v. Slagle (1992), 65 Ohio St.3d 597, 604. As Mr. Bray failed to object to the alleged prosecutorial misconduct, he has waived any claim of error but plain error. See State v. Joseph
(1995), 73 Ohio St.3d 450, 461.
 {¶ 12} Pursuant to Crim.R. 52(B), a plain error or defect that affects a substantial right may be noticed although it was not brought to the attention of the trial court. "A plain error must be obvious on the record, such that it should have been apparent to the trial court without objection." State v.Kobelka, 9th Dist. No. 01CA007808, 2001-Ohio-1723, citing Statev. Tichon (1995), 102 Ohio App.3d 758, 767. As notice of plain error is to be taken with utmost caution and only to prevent a manifest miscarriage of justice, the decision of a trial court will not be reversed due to plain error unless the defendant has established that the outcome of the trial clearly would have been different but for the alleged error. Kobelka, supra, citingState v. Waddell (1996), 75 Ohio St.3d 163, 166 and State v.Phillips (1995), 74 Ohio St.3d 72, 83.
 {¶ 13} In the present matter, Mr. Bray maintains that the prosecutor erred by improperly questioning witnesses concerning irrelevant misconduct and improperly bolstering the credibility of the State's witness during trial. Specifically, the prosecutor questioned the victim, Shelly Eaton ("Eaton") about the argument which led to the domestic violence and felonious assault charges against Mr. Bray. Eaton responded that Mr. Bray had wanted money so that he could purchase crack cocaine. Upon cross-examination, defense counsel questioned Eaton about a possible contradictory response. The prosecutor then asked the next witness about Eaton's reputation for truthfulness.
 {¶ 14} Additionally, Mr. Bray alleges that the prosecutor improperly referenced his past crimes and wrongful acts during sentencing. We note that Mr. Bray has failed to provide any citations to the record demonstrating such alleged misconduct. See App.R. 16(A)(7) (stating that an appellant's brief must contain argument and law, "with citations to the authorities, statutes, and parts of the record on which appellant relies").
 {¶ 15} Although Mr. Bray maintains that he was denied a fair trial, he has not established, much less alleged, that the outcome of the proceedings without the challenged conduct would have been different. See Kobelka, supra. Furthermore, he has not demonstrated the existence of exceptional circumstances invoking plain error in order to prevent a manifest miscarriage of justice. See id. Accordingly, we do not find plain error to exist. Mr. Bray's fourth assignment of error is overruled.
 Third Assignment of Error
"[Mr. Bray's] coviction must be overturned in that he was not provided with competent trial counsel."
 {¶ 16} In his third assignment of error, Mr. Bray asserts that his conviction must be overturned as his trial counsel was ineffective. More specifically, Mr. Bray alleges that he was placed in the position of having to plead no contest due to trial counsel's: (1) failure to obtain a polygraph; (2) failure to appear at pretrial hearings; (3) failure to object to alleged prosecutorial misconduct; and (4) failure to fully advise him of the consequences of his no contest plea. Mr. Bray's assignment of error is not well taken.
 {¶ 17} In order to establish the existence of ineffective assistance of counsel, the defendant must satisfy a two-pronged test:
"`First the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland,466 U.S. at 687.
 {¶ 18} Mr. Bray bears the burden of proof on this matter.Colon at ¶ 49, citing State v. Smith (1985),17 Ohio St.3d 98, 100. Furthermore, there exists a strong presumption of the adequacy of counsel's performance, and that counsel's actions were sound trial tactics. Colon at ¶ 49, citing Smith,17 Ohio St.3d at 100. "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson (July 30, 1997), 9th Dist. No. 18215. It is also well established that "[c]ounsel need not raise * * * frivolous issues[.]" State v. Campbell
(1994), 69 Ohio St.3d 38, 53, citing Jones v. Barnes (1983),463 U.S. 745, 751, 77 L.Ed.2d 987; see, also, Engle v. Isaac
(1982), 456 U.S. 107, 134, 71 L.Ed.2d 783 (stating that "the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim"). Therefore, "[c]ounsel may limit the number of arguments raised in order to focus on those issues most likely to bear fruit." See State v. Caulley, 10th Dist. No. 97AP-1590, 2002-Ohio-7039, at ¶ 4, citing State v. Allen,77 Ohio St.3d 172, 173, 1996-Ohio-366. Additionally, we note that debatable trial tactics do not give rise to a claim for ineffective assistance of counsel. In Re: Simon (June 13, 2001), 9th Dist. No. 00CA0072, citing State v. Clayton (1980), 62 Ohio St.2d 45,49. A defendant should put forth a showing of a substantial violation of an essential duty. Watson, supra.
 {¶ 19} Prejudice, the second prong of the Strickland
analysis, entails a reasonable probability that, but for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The court is also to consider "`the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Colon at ¶ 49, quoting Strickland,466 U.S. at 690. An appellate court may analyze the second prong of theStrickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice. See Loza,71 Ohio St.3d at 83.
 {¶ 20} Therefore, based on the Strickland analysis, a defendant does not state a claim for ineffective assistance of counsel unless his attorney has acted unreasonably, given the facts of the case, and the unreasonable conduct was prejudicial to the defense. State v. Mills (1992), 62 Ohio St.3d 357, 370.
 {¶ 21} Upon review, we find that although Mr. Bray contends that he was prejudiced by his attorney's actions, he has failed to allege, much less demonstrate, that the result of the proceedings would have been different had he continued with the trial. Furthermore, there is no indication in the record that Mr. Bray pled no contest as a result of the alleged errors committed by his counsel. In fact, a review of the record reveals that the only misgivings Mr. Bray had about ending the trial and pleading no contest were his abilities to preserve the speedy trial issue for appeal. Accordingly, as Mr. Bray has failed to satisfy the requirements of Strickland, we are unable to conclude that he was denied the effective assistance of counsel. Mr. Bray's third assignment of error is overruled.
 Second Assignment of Error
"The trial court improperly applied R.C. 2929.14(b) and, as a result, exceeded the mandatory minimum sentencing."
 {¶ 22} In his second assignment of error, Mr. Bray maintains that the court erred by exceeding the minimum sentencing as provided for in R.C. 2929.14(B). We disagree.
 {¶ 23} On October 29, 2002, Mr. Bray, in open court, withdrew his former plea and entered a plea of no contest pursuant to a plea agreement in which he expressly "agreed [to a] 5 year prison sentence [with] credit for time served." Moreover, in court Mr. Bray indicated that he "under[stood] that the prosecution [was] recommending and [he] agree[d] to the 5 year prison sentence with credit for time served[.]" He further indicated that no other promises were made and that he was not forced into accepting the plea agreement. The court accepted Mr. Bray's plea, found him guilty, and sentenced him to five years imprisonment with credit for time served.
 {¶ 24} A negotiated plea agreement is a contract and is thus governed by contract law principles. State v. Butts (1996),112 Ohio App.3d 683, 685-86. When the complained of sentence is central to the plea agreement, the defendant may not appeal from a sentence which he agreed to as part of the agreement. State v.Charles (Oct. 22, 1999), 11th Dist. No. 98-A-0043. "Moreover, a defendant may waive his right to challenge his sentence when he receives a sentence for which he asked for." Charles, supra, citing State v. Drake (Apr. 15, 1987), 9th Dist. No. 12859.
 {¶ 25} Although not the minimum, Mr. Bray received one of the sentences, provided by law for felonious assault, a felony of the second degree. See R.C. 2929.14(A)(2). He does not claim that the sentence imposed upon him was administratively expanded or modified in any manner. In fact, Mr. Bray asked for that which he received. "If the agreement was not acceptable, the option was trial. * * * By his plea bargain, he has waived the right he now asserts." State v. Coleman (1986), 30 Ohio App.3d 256, 258, citing State v. Hughes (Dec. 30, 1982), 10th Dist. No. 82AP-695. Accordingly, Mr. Bray's second assignment of error is overruled.
 III. {¶ 26} Mr. Bray's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, P.J., Slaby, J., Concur.
[1] We note that Mr. Bray mailed several letters, in confidence, to the trial court judge in which he asserted that "all [he] wanted was a speedy trail [sic.]." However, we are unable to determine that these letters constitute a formal, written objection and demand for trial as required by O'Brien.