[Cite as *State v. Peek*, 2011-Ohio-3624.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

LARRY E. PEEK

    Appellant

C.A. No.     10CA0040

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     09-CR-0135

DECISION AND JOURNAL ENTRY

Dated: July 25, 2011

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Larry Peek entered the house where the mother of his children was living and attacked her. The Grand Jury indicted him for aggravated burglary, domestic violence, and violation of a protection order. A jury found him guilty of the offenses, and the trial court sentenced him to three years in prison. Mr. Peek has appealed, arguing that the State violated his right to a speedy trial, that the jury's verdict was insufficient to elevate the offense level of his violating a protection order conviction, and that his violation of a protection order conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. We affirm in part because the State did not violate Mr. Peek's right to a speedy trial and it properly amended the indictment regarding the violation of a protection order offense at trial. We reverse in part because the jury's verdict was insufficient under Section 2945.75(A)(2) of the Ohio Revised Code to make his violation of a protection order conviction a felony of the third degree.

SPEEDY TRIAL

{¶2} Mr. Peek's first assignment of error is that the trial court incorrectly denied his motion to dismiss based on the State's violation of his right to a speedy trial. He has argued that, because he was not released on bail, the State had to try him within 90 days. He has also argued that, even considering tolling and waiver, the State failed to bring him to trial on time by a few days.

{¶3} "The right of an accused to a speedy trial is recognized by the Constitutions of both the United States and the [S]tate of Ohio." *State v. Pachay*, 64 Ohio St. 2d 218, 219 (1980). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor . . . ." *Id.* at syllabus. Accordingly, "for purposes of bringing an accused to trial, the statutory speedy trial provisions of R.C. 2945.71 *et seq.* and the constitutional guarantees found in the United States and Ohio Constitutions are coextensive." *State v. O'Brien*, 34 Ohio St. 3d 7, 9 (1987). "[T]he constitutional guarantees may be found to be broader than [the] speedy trial statutes in some circumstances." *Id*.

{¶4} Under Section 2945.71(C)(2) of the Ohio Revised Code, "[a] person against whom a charge of felony is pending . . . [s]hall be brought to trial within two hundred seventy days after the person's arrest." "[E]ach day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by [R.C.] 2945.71[.]" R.C. 2945.73(B).

{¶5} "It is well-settled law that an accused may waive his constitutional right to a speedy trial provided that such a waiver is knowingly and voluntarily made." *State v. King*, 70

Ohio St. 3d 158, 160 (1994) (citing *Barker v. Wingo*, 407 U.S. 514, 529 (1972)). "To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record." *Id*. at syllabus. The Ohio Supreme Court has also held that "a defendant is bound by his counsel's waiver of speedy trial rights, even though the waiver might have been executed without his consent." *State v. Taylor*, 98 Ohio St. 3d 27, 2002-Ohio-7017, at ¶33.

{¶6} If a speedy trial waiver does not mention a specific time period, it is unlimited in duration. *State v. Skorvanek*, 9th Dist. No. 08CA009399, 2009-Ohio-3924, at ¶13 (citing *State v. Kovacek*, 9th Dist. No. 00CA007713, 2001 WL 577664 at *4 (May 30, 2001)). In addition, if it "fails to include a specific date as the starting point for the tolling of time, the waiver is deemed to be effective from the date of arrest." *Id*. (quoting *State v. Bray*, 9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶8). "Once an accused has executed an express, written waiver of unlimited duration, '[he] is not entitled to a discharge for delay in bringing him to trial unless [he] files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time.'" *State v. Bray*, 9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶8 (quoting *State v. O'Brien*, 34 Ohio St. 3d 7, paragraph two of the syllabus (1987)).

{¶7} According to Mr. Peek, the State arrested him on March 5, 2009, and held him until his trial on October 5, 2009. While that was more than 90 days, on May 29, 2009, Mr. Peek's lawyer filed a written waiver of his right to a speedy trial. The waiver was unlimited in duration and did not include a starting date. Accordingly, it was effective from the date of Mr. Peek's arrest. *State v. Bray*, 9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶8. Furthermore, because Mr. Peek did not file a written objection and demand for trial, the waiver continued

through the date of his trial. *Id*. We, therefore, conclude that the State did not violate Mr. Peek's right to a speedy trial. His first assignment of error is overruled.

OFFENSE LEVEL

{¶8} Mr. Peek's second assignment of error is that the trial court incorrectly determined that his conviction for violation of a protection order was a felony of the third degree. He has argued that, under Section 2945.75(A)(2) of the Ohio Revised Code, the jury's verdict was only sufficient to convict him of the lowest level of the offense.

{¶9} The jury found that Mr. Peek violated a protection order under Section 2919.27(A) of the Ohio Revised Code, which is ordinarily a misdemeanor of the first degree. R.C. 2919.27(B)(2). If an offender has previously been convicted under that section, however, his conviction is a felony of the fifth degree. R.C. 2919.27(B)(3). If an offender committed a felony while violating the protection order, his conviction is a felony of the third degree. R.C. 2919.27(B)(4).

{¶10} Under Section 2945.75(A)(2), "[w]hen the presence of one or more additional elements makes an offense one of more serious degree . . . [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." In *State v. Pelfrey*, 112 Ohio St. 3d 422, 2007-Ohio-256, the Ohio Supreme Court held that, under the clear language of Section 2945.75(A)(2), "a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *Id*. at ¶14. It held that the rule applies even if "the evidence overwhelmingly show[ed] the presence of the aggravating element, the jury

verdict form incorporate[d] the indictment[,] and the defendant never raised the inadequacy of the jury verdict form at trial." *Id*. at ¶1.

{¶11} The verdict in this case provides that "[w]e, the [j]ury in this case, duly impaneled and sworn and affirmed, find the Defendant, Larry E. Peek, [g]uilty of [v]iolating a [p]rotection [o]rder, in manner and form as he stands charged in the indictment." It does not contain the degree of the offense or state that the jury found an aggravating element of the offense. It, therefore, was only sufficient to convict Mr. Peek of the lowest level of the offense. The fact that it incorporated the indictment and that the jury simultaneously convicted Mr. Peek of the felony of aggravated burglary is insufficient under the plain language of Section 2945.75(A)(2). *State v. Pelfrey*, 112 Ohio St. 3d 422, 2007-Ohio-256, at ¶1. We, therefore, conclude that the trial court incorrectly determined that Mr. Peek's conviction under Section 2919.27(A) of the Ohio Revised Code is a felony of the third degree. Mr. Peek's second assignment of error is sustained.

## INDICTMENT AMENDMENT

{¶12} Mr. Peek's third assignment of error is that there was insufficient evidence to support his conviction for violation of a protection order and that his conviction of that offense is against the manifest weight of the evidence. He has argued that, although the indictment alleged that he violated a protection order "issued pursuant to section 2903.213 or 2903.214 of the Ohio Revised Code," the only protection order that the State submitted at trial was issued under Section 3113.31.

{¶13} Whether a conviction is supported by sufficient evidence is a question of law that we review de novo. *State v. Thompkins*, 78 Ohio St. 3d 380, 386 (1997); *State v. West*, 9th Dist. No. 04CA008554, 2005-Ohio-990, at ¶33. We must determine whether, viewing the evidence in

a light most favorable to the prosecution, it could have convinced the average finder of fact of his guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, paragraph two of the syllabus (1991). When a defendant argues that his convictions are against the manifest weight of the evidence, however, we "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction[s] must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App. 3d 339, 340 (1986).

{¶14} Under Section 2919.27(A) of the Ohio Revised Code, "[n]o person shall recklessly violate the terms of . . . (1) [a] protection order issued . . . pursuant to section . . . 3113.31 of the Revised Code; [or] (2) [a] protection order issued pursuant to section 2151.34, 2903.213, or 2903.214 of the Revised Code[.]" While the Grand Jury indicted Mr. Peek under Section 2919.27(A)(2), the trial court allowed the State to amend the indictment at the end of its case to comport to the evidence. The effect of the amendment was to charge Mr. Peek under Section 2919.27(A)(1) instead of Section 2919.27(A)(2).

{¶15} The jury found Mr. Peek "[g]uilty of [v]iolating a [p]rotection [o]rder, in manner and form as he stands charged in the indictment." Because the indictment had been amended to charge Mr. Peek under Section 2919.27(A)(1), we conclude that there was sufficient evidence to support his conviction and that his conviction is not against the manifest weight of the evidence.

{¶16} Mr. Peek has also argued that the court should have told the jury about the amendment to the indictment. According to him, unless the jury knew that the indictment had been amended to charge him under Section 2919.27(A)(1) instead of Section 2919.27(A)(2), its finding of guilt was to Section 2919.27(A)(2), which was not supported by the evidence.

**{¶17}** Mr. Peek has not cited any authority in support of his argument that the jury had to be told about an amendment to the indictment that occurred before it was instructed by the court. He has also failed to establish that the jury did not have an amended copy of the indictment while it deliberated. Accordingly, we conclude that he has not demonstrated that the jury found him guilty under the wrong subsection. Mr. Peek's third assignment of error is overruled.

## CONCLUSION

**{¶18}** Although the State did not violate Mr. Peek's right to a speedy trial, the trial court incorrectly determined that his conviction for violation of a protection order was a felony of the third degree. The judgment of the Wayne County Common Pleas Court is affirmed in part and reversed in part, and this matter is remanded for a new sentencing hearing.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to both parties equally.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, J.
CONCURS

CARR, P.J.
CONCURS IN PART, AND DISSENTS IN PART, SAYING:

{¶19} I respectfully dissent in regard to the second assignment of error. The facts of this case are distinguishable from the facts the Supreme Court confronted in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256. Pelfrey was indicted on only one offense, tampering with records. The Supreme Court held that the offense was a misdemeanor because the verdict form did not establish that the jury found that the records were government records. Id. at ¶4. Peek, on the other hand, was indicted on multiple offenses. The jury found him guilty of those offenses, and the finding of guilt on one offense satisfies the finding necessary to elevate the misdemeanor to a felony.

{¶20} Peek was convicted of aggravated burglary and violating a protective order. The conviction for violating a protective order is elevated to a third degree felony if the violation occurs while the defendant is committing a felony offense. Such was the case here, where Peek violated the protective order while committing the crime of aggravated burglary. Both offenses relate to the same set of facts and the jury contemporaneously

found him guilty of violating the protective order and the aggravated burglary, a felony offense. Thus, I would not extend *Pelfrey* to the facts of this case.

APPEARANCES:

CLARKE W. OWENS, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and LATECIA E. WILES, Assistant Prosecuting Attorney, for Appellee.