[Cite as *State v. Miller*, 2017-Ohio-5728.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2017CA0002 |
| | : | |
| ALVIN J. MILLER | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Morrow County
Municipal Court, case no.
2016TRD7656


JUDGMENT:      REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:      June 30, 2017


APPEARANCES:

For Plaintiff-Appellant:                                For Defendant-Appellee:

AMY R. INZINA                                            JODIE DREES GANOTE
Morrow County Prosecutor's Office        215 E. Ninth St.
60 East High St.                                         Suite 650
Mount Gilead, OH 43338                            Cincinnati, OH 45202

*Delaney, P.J.*

{¶1} Appellant State of Ohio appeals from the February 14, 2017 Judgment Entry of the Morrow County Municipal Court dismissing the traffic case against appellee Alvin J. Miller.

## FACTS AND PROCEDURAL HISTORY

{¶2} On September 3, 2016, appellee was cited pursuant to Ohio Uniform Traffic Ticket (U.T.T.) with one count of reckless operation pursuant to R.C. 4511.20, a minor misdemeanor. Appellee appeared before the trial court without counsel for initial appearance on September 15, 2016 and entered a plea of not guilty. Also on that date, appellee signed a "Waiver of Time for Trial," stating in pertinent part:

> * * * *.
>
> The time within which a criminal trial must be held pursuant to
>
> Ohio Revised Code Section 2945.71-73 is as follows:
>
> Trials for Minor Misdemeanors: 30 days * * *.
>
> * * * *.
>
> The undersigned defendant, being fully advised of the time
>
> limitations as set forth above, does hereby voluntarily waive his right
>
> to trial within the time limitations as set forth in Ohio Revised Code
>
> Section 2945.71-73 and requests the court set his trial in the ordinary
>
> course of the Court's business.
>
> * * * *.

{¶3} Appellee was given a notice of court trial scheduled for October 20, 2016, "or as soon thereafter as can be heard by the Court."

{¶4}   On October 7, 2016, defense trial counsel[1] filed a notice of appearance, time waiver, and "motion for continuance for a pretrial."  In pertinent part, the filing states:

* * * *.

Further, Defendant hereby waives all constitutional and statutory rights to a speedy trial but hereby retains all other constitutional rights afforded him/her under the law.

Lastly, Counsel respectfully requests a continuance of this matter which was originally set for pretrial[2] on October 20, 2016. Counsel has scheduling issues and respectfully asks for the date of November 24, 2016 at 2:00PM.

* * * *.

{¶5}   On October 14, 2016, a Judgment Entry for Continuance was filed, stating the court trial was continued upon defendant's request until November 28, 2016 at 1:00 p.m.  Also filed on that date is a Notice of Hearing advising of the date and time of the court trial, with a notation "Time Waived."  The notice also states, "This Court, by Local Rule, will grant only 2 CONTINUANCES per party in a criminal or traffic case.  After the second continuance, no further continuances will be granted to either party except for extraordinary, emergency, or unforeseen circumstances and where substitute counsel is unavailable."  (Emphasis in original.)

{¶6}   On October 17, 2016, appellee filed a demand for discovery.

---

[1] Defense trial counsel is also appellate counsel.
[2] The matter was in fact set for court trial on October 20, 2016, not pretrial.

{¶7} On October 19, 2016, appellant filed a motion to continue the court trial date of November 28, 2016 because the aviation trooper was deployed and not scheduled to return until mid-December.

{¶8} On November 1, 2016, the trial court granted appellant's motion and continued the court trial until December 5, 2016 at 1:00 p.m. The judgment entry contained the notice advising of the local rule regarding continuances. Accompanying the judgment entry is a notice of the date and time of the court trial with a notation "Time Waived."

{¶9} On November 4, 2016, appellant filed a reply to appellee's request for discovery and a reciprocal request for discovery.

{¶10} On November 9, 2016, appellant filed a motion to continue the December 5 court trial date because the aviation trooper's return date from deployment was December 22, 2016. Appellant also filed a supplement to its discovery response on that date.

{¶11} On November 16, 2016, the trial court granted appellant's motion to continue and set a new court trial date of January 9, 2017 at 1:00 p.m. The judgment entry notes no further continuances would be granted to appellant. The judgment entry of continuance is accompanied by a notice of court trial on January 9, 2017.

{¶12} On December 8, 2016, the Ohio Supreme Court appointed a visiting judge to preside over the court for the period from January 1, 2017 through March 31, 2017.

{¶13} The record of the hearing on January 9, 2017 indicates the trial court called the case and appellee's counsel made an oral motion to dismiss "because the State has failed to set this for a trial within the 30 days required for the statutory time limit." The following arguments were made at the hearing:

[DEFENSE COUNSEL]:  * * * *.

[Appellee]—and we will stipulate to the fact that he did, indeed, sign a waiver at the time of trial back on September 15, 2016, and later hired me as his counsel.

We had a trial set for November 28.  I realize the State's witness had something to do as far as his military, I believe, or that it had to be continued, so it was continued until December 5th.  We did not waive time after November 28th.  I told the assignment commissioner that on December 5th.

THE COURT:  Did you file something withdrawing the waiver?

[DEFENSE COUNSEL]:  We did—we didn't file anything.  I told, though, the assignment commissioner the waiver was just good until the date of the trial that we scheduled.

* * * *.

* * * [T]he time waiver as far as we are concerned is good until the date of the trial that we had scheduled—and which was November 28th.

On December 5th, I insisted with the assignment commissioner we are not waiving time.  We are not waiving further time from this trial date and she indicated that [ ] document basically waived time indefinitely.

I said, I disagree with that.  She said, well, I would have to bring that before the Court. * * * *.

THE COURT: Is there something on here indicating that it was waived to a specific date?

[DEFENSE COUNSEL]: Your Honor, I mean, it is normal protocol that once you waive time that you waive time until the date scheduled for a next hearing. Then if you are going to waive time, again, following that hearing, you will waive time. We had scheduled it for November 28th.

[PROSECUTOR]: Your Honor, that waiver is a blanket waiver. There is nothing on there that says that it only waives it until the next hearing. I understand that in certain courts they do that as practice, but they have that in the entry. This is a blanket waiver and we are entitled to rely on that waiver.

* * * *.

[DEFENSE COUNSEL]: The waiver itself is waiving time until the next Court date.

THE COURT: It doesn't say that. It says, "being fully advised by the time limitations set forth above," which just states the law about the number of days and it says, "does hereby voluntarily waive his right to trial within the time limits as set forth in Revised Code 45—2945.71 through 73 and requests the Court to set his trial in the ordinary course of the Court's business." Ordinary course of the Court's business.

* * * *.

T. 3-6.

{¶14} On January 19, 2017, appellant filed a "Response to Defendant's Oral Motion" referencing the oral motion to dismiss by appellee.

{¶15} Appellee filed a "Motion to Dismiss for Lack of Speedy Trial" on January 23, 2017. In its statement of facts, the motion contains the following assertions which are at odds with, and not contained in, the trial court record before us:

* * * *.

Counsel scheduled November 28, 2016 as the trial date. The State filed a Motion to Continue due to officer unavailability. There was no journal entry approving the Motion but the assignment commissioner called Counsel and the trial was continued until December 5, 2016. Counsel informed the clerk she was not waiving time.

The State then filed another continuance due to officer unavailability and the Assignment Commissioner called Counsel again to reschedule. Again, there was no entry on the record granting the motion.

Counsel requested a date prior to December 28 so that the speedy trial requirements would be met. The clerk insisted the Defendant waived his right to speedy trial indefinitely when he signed the initial waiver.

Counsel acknowledged waivers were signed but not indefinitely. Once the Trial was scheduled on November 28 and no

other time waivers were filed, the time began tolling against the State. The Clerk indicated the issue would have to be addressed at Court but that's how they handled it in this jurisdiction.

A new Trial date was set for January 9, 2017. Defendant made an oral motion to dismiss the above captioned case due to a violation of Ohio's statutory speedy trial requirements of 30 days. The Court agreed that a continuance for the officer's absence was not a waiver due to the Court's general cause of business and asked both parties to have briefs filed within ten business days.

\* \* \* \*.

{¶16} The trial court scheduled a motion hearing for February 27, 2017. The record of any such hearing held is not before us and in advance of that date, the trial court filed a judgment entry dismissing the case "pursuant to R.C. 2945.71(A)" on February 14, 2017.

{¶17} Appellant state of Ohio now appeals from the trial court's judgment entry of February 14, 2017.

{¶18} Appellant raises three assignments of error:

## ASSIGNMENTS OF ERROR

{¶19} "I. THE TRIAL COURT ERRED IN DISMISSING CASE NO. 2016TRD7656 FOR VIOLATION OF R.C. 2945.71(A)."

{¶20} "II. THE TRIAL COURT ERRED IN NOT INTERPRETING THE TIME WAIVER AS AN UNLIMITED DURATION TIME WAIVER."

{¶21} "III. THE TRIAL COURT ERRED IN DISMISSING 2016TRD7656 FOR VIOLATION OF SPEEDY TRIAL RIGHTS.  THE DEFENDANT WAS ON NOTICE TIME WAS WAIVED AND FAILED TO FILE A WRITTEN WITHDRAWAL AND DEMAND FOR TRIAL."

**ANALYSIS**

**I., II., III.**

{¶22} Appellant's three assignments of error are related and will be considered together.  Appellant argues the trial court erred in dismissing the case for violation of appellee's right to a speedy trial because appellee effectively executed blanket time waivers.  We agree.

{¶23} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd,* 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978); *State v. Pachay,* 64 Ohio St.2d 218, 219, 416 N.E.2d 589 (1980). Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. Richland No. 2004–CA–103, 2005–Ohio–3122, ¶ 11. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. Id. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. *Brecksville v. Cook,* 75 Ohio St.3d 53, 57, 1996–Ohio–171, 661 N.E.2d 706.

{¶24} A person against whom a charge of minor misdemeanor is pending shall be brought to trial within thirty days after the person's arrest or the service of summons. R.C. 2945.71(A). Otherwise, upon motion made at or prior to the commencement of trial, the defendant shall be discharged if he is not brought to trial within the time required by R.C. 2945.71. R.C. 2945.73(B). In this case, appellant appeals from the trial court's decision granting appellee's motion to dismiss for violation of his right to a speedy trial.

{¶25} The time requirements within which an accused must be brought to trial may be tolled by certain events listed in R.C. 2945.72. Specifically, the speedy trial period may be tolled for "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]" R.C. 2945.72(E). R.C. 2945.72(H) provides the time within which an accused must be brought to trial may be extended by the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.

{¶26} Additionally, an accused may waive his rights to a speedy trial, so long as the waiver is knowingly and voluntarily made. *State v. O'Brien*, 34 Ohio St.3d 7, 9, 516 N.E.2d 218 (1987), citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 523 L.Ed.2d 101 (1972). Such a waiver must be in writing or expressly made on the record in open court. *State v. King*, 70 Ohio St.3d 158, 637 N.E.2d 903 (1994), syllabus, citing *O'Brien,* supra, and *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982).

{¶27} A time waiver may be limited or unlimited in duration. "[A] waiver that expressly waives the accused's right to a speedy trial under the statute without mentioning a specific time period is unlimited in duration." *State v. Kovacek*, 9th Dist. Lorain No.

00CA007713, *4 (May 30, 2001), citing *O'Brien,* supra, 34 Ohio St.3d 7, at paragraph two of the syllabus. Once an accused has executed an express, written waiver of unlimited duration, "the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." *O'Brien,* supra, 34 Ohio St.3d 7 at paragraph two of the syllabus; *State v. Battle,* 5th Dist. Morgan No. 09 AP 0001, 2010-Ohio-4327, ¶ 77, appeal not allowed, 127 Ohio St.3d 1533, 2011-Ohio-376, 940 N.E.2d 987, and cert. denied, 565 U.S. 861, 132 S.Ct. 200, 181 L.Ed.2d 106 (2011).

{¶28} In the instant case, on September 15, 2016, appellee first signed a waiver of his speedy trial rights. Appellee does not assert that this waiver was unknowingly or involuntarily made. On October 7, 2016, defense counsel filed a second blanket time waiver. Appellee does not assert this waiver was unknowingly or involuntarily made.

{¶29} Instead, appellee asserts these time waivers were effective only until November 28, 2016. There is no evidence in the record of any attempt to limit the duration of the time waivers. "[I]in failing to give a date certain for the beginning and ending points for tolling purposes, the waiver was effective from the date of [appellee's] arrest and was unlimited in duration." *State v. Bray,* 9th Dist. Lorain No.03CA008241, 2004-Ohio-1067, ¶ 9, internal citations omitted. To reassert his right to a speedy trial, appellee had the burden of filing a formal written objection and demand for trial. See *O'Brien,* 34 Ohio St.3d 7, 516 N.E.2d 218 at paragraph two of the syllabus. The record reflects appellee did not make such a formal objection and demand for trial.

{¶30} If a speedy trial waiver does not mention a specific time period, it is unlimited in duration. *State v. Peek,* 9th Dist. Wayne No. 10CA0040, 2011-Ohio-3624, ¶ 5, citing

*State v. Skorvanek,* 9th Dist. Lorain No. 08CA009399, 2009–Ohio–3924, ¶ 13. Neither time waiver in this case was evoked until appellee moved to dismiss the charge on speedy trial grounds on January 9, 2017. *Battle*, supra, 2010-Ohio-4327 at ¶ 79, citing *State v. Masters,* 172 Ohio App.3d 666, 2007-Ohio-4229, 876 N.E.2d 1007 (3rd Dist.).

{¶31} Appellee argues the various time waivers executed in this case were limited in duration, but we find no evidence in the record in support of this assertion. See, *State v. Hyde*, 5th Dist. Fairfield No. 99CA075, 2000 WL 1275327, *2 (Aug. 31, 2000). Defense counsel's alleged conversations with the court's assignment commissioner are outside the record and are ineffective for purposes of reinstituting the running of the speedy-trial clock. See, *State v. King*, 3rd Dist. Marion No. 9-06-18, 2007-Ohio-335, ¶ 38. It is evident from the record appellee and counsel did not effectively object until the oral motion to dismiss on January 9, 2016. We disagree with appellee's characterization of the time waivers in this case as "ambiguous." Appellee failed to object to either of appellant's requests for continuance, failed to make any written attempt to revoke either time waiver, and made arguments before the trial court which are plainly contradicted by the record. Appellee claimed the continuances sought by appellant were not approved or granted by journal entry, but in fact the motions to continue were granted, and notifications of the rescheduled trials were entered, by separate journal entries in each instance. Furthermore, those trial notifications plainly state "time waived" and appellee failed to raise any objection thereto.

{¶32} Appellee's attempts to distinguish this case from *State v. Faust*, 5th Dist. Morrow No. CA 897, 2000 WL 873700, *2, (June 9, 2000), are unavailing. In that case, the defendant signed a knowing, voluntary, and express written time waiver of his

constitutional right to a speedy trial, failed to file any formal written objection, and orally moved to dismiss the matter.  We reversed the trial court's decision to dismiss on speedy-trial grounds because the defendant's time waiver was still in effect: the defendant did not follow the mandates of *O'Brien* by filing a formal written objection and demand for trial. Id.

{¶33} Appellant's three assignments of error are sustained and the judgment of the Morrow County Municipal Court is reversed and remanded for proceedings consistent with this opinion.  *Faust*, supra, 5th Dist. Morrow No. CA 897, 2000 WL 873700, *2.

**CONCLUSION**

{¶34} The judgment of the Morrow County Municipal Court dismissing the instant case is reversed and the matter is remanded for further proceedings in accord with this opinion.

By:  Delaney, P.J.,

Hoffman, J. and

Wise, Earle, J., concur.