[Cite as *State v. Browning*, 2013-Ohio-2787.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26687 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KENNETH R. BROWNING | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 05 1525 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, Kenneth Browning, appeals from his conviction in the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I

{¶2} Shortly after 10:30 p.m. on March 23, 2002, the police responded to a call that a man was attacking a woman on South Portage Path. The police identified the man as Browning and the victim as his fiancée, Lisa Collins. Two eyewitnesses later testified that they observed Browning assault Collins. Specifically, one saw Browning hitting Collins with his fists and the other saw Browning knock Collins to the ground and kick her. Although Collins initially told the police that Browning had thrown her to the ground and had kicked her, she later recanted and insisted that Browning never hurt her.

{¶3} A grand jury indicted Browning on one count of domestic violence, in violation of R.C. 2919.25(A). The matter proceeded to a jury trial, and the jury found Browning guilty of

domestic violence. Additionally, the jury found that Browning previously had been convicted of domestic violence. The court sentenced Browning to 18 months in prison.

{¶4} Browning now appeals and raises five assignments of error for our review. For ease of analysis, we consolidate several of the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED BY DENYING MR. BROWNING'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL AS THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN THE CONVICTIONS.

{¶5} In his first assignment of error, Browning argues that the trial court erred by denying his Crim.R. 29 motion because the State failed to produce sufficient evidence in support of his conviction. We disagree.

{¶6} "We review a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence." *State v. Slevin*, 9th Dist. No. 25956, 2012-Ohio-2043, ¶ 15. In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus; *see also State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

"In essence, sufficiency is a test of adequacy." *Thompkins* at 386.

{¶7} "No person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(A). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Whoever commits the foregoing offense is guilty of domestic violence. R.C. 2919.25(D)(1).

{¶8} Browning argues that his conviction is based on insufficient evidence because there was no evidence that he knowingly caused physical harm to Collins. Browning's argument largely sounds in weight, as he challenges the evidence based on the reliability and credibility of the witnesses. *See State v. Johnson*, 9th Dist. No. 06CA008911, 2007-Ohio-1480, ¶ 4-10 (discussing the differences between a sufficiency and a manifest weight challenge). Nevertheless, we briefly address Browning's assertion that his conviction is based on insufficient evidence.

{¶9} Two separate eyewitnesses testified at trial. Delissa Fleetwood testified that she and her husband were walking their dog when she observed a man hitting a woman with his fists while the woman "was saying she was sorry and hollering and screaming." Fleetwood testified that the man continued to hit the woman until her husband pulled the man away. Fleetwood identified Browning as the man she saw attacking the woman.

{¶10} Sandra Safko testified that she was driving home from work when a woman ran toward her truck screaming for help. Safko stopped her truck and then saw a man grab the woman, knock her to the ground, and drag her across the street. Safko heard the man screaming at the woman and saw the man kick her. Safko then drove to a nearby parking lot and called 911. Safko testified that she drove back to the scene of the attack while on the phone with 911

and that the man continued to assault the woman until another man pulled him off of her. Safko identified Browning as the man she saw attacking the woman.

{¶11} Officer Patrick Didyk testified that he responded to a 911 call about an attack in progress on South Portage Path. Another officer was already on scene when Officer Didyk arrived, but Officer Didyk testified that he spoke directly with the victim, Lisa Collins. Officer Didyk described Collins as "visibly upset" and crying when he spoke with her. Collins told Officer Didyk that Browning, her live-in boyfriend, had thrown her to the ground and had kicked her in the head. Officer Didyk testified that he observed a small amount of swelling to Collins' head as well as a scrape to her elbow.

{¶12} Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have concluded that the State set forth sufficient evidence to prove that Browning committed domestic violence against Collins. Two separate eyewitnesses testified that they saw Browning either kick or punch Collins after knocking her to the ground. Moreover, Officer Didyk testified that Collins admitted to him that Browning had thrown her to the ground and kicked her. He also observed several injuries on Collins. Browning's argument that there is insufficient evidence that he knowingly caused physical harm to Collins lacks merit. Consequently, his first assignment of error is overruled.

Assignment of Error Number Two

THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} In his second assignment of error, Browning argues that his conviction is against the manifest weight of the evidence. We disagree.

{¶14} In determining whether a conviction is against the manifest weight of the evidence an appellate court:

> must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. *Thompkins*, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. *Id.* Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). *See also Otten*, 33 Ohio App.3d at 340.

{¶15} Browning argues that his conviction is against the manifest weight of the evidence because the State's witnesses offered inconsistent and unreliable testimony. He further argues that his conviction is against the manifest weight of the evidence because Collins testified that he never harmed her.

{¶16} As to Fleetwood, Browning argues that she was not a reliable witness because, unlike her husband, she stayed some distance back from Browning and Collins and might have misinterpreted what she saw. He further argues that she gave inconsistent testimony because at one point she claimed she was near her husband the entire time, but then later she stated that she left the area for a while to take their dog back home. As to Safko, Fleetwood argues that she was not a reliable witness because she admitted that she was very tired when the incident occurred, it was dark outside, and that at certain points she might have been viewing the incident from up to three blocks away. He further argues that she gave inconsistent testimony because: (1) while she

described the clothing Collins was wearing that evening at trial, she admitted that she had not been able to describe the clothing on the 911 call; and (2) while she claimed that Collins tried to approach her at the scene to thank her for helping, Collins adamantly denied ever trying to speak with Safko.

{¶17} Collins testified that Browning was her fiancée and that the two still planned to marry. According to Collins, she and Browning were on their way home from a bar on the night of the incident and were "playing and horsing around" when she tripped on the sidewalk and fell down. Collins insisted that Browning never harmed her and that all of the State's witnesses were lying. Indeed, Collins described herself as the aggressor in her and Browning's relationship and testified that she previously had a protection order issued against her because she had stabbed Browning in the face with a screwdriver. Collins denied ever telling the police that Browning had harmed her and insisted that the police frequently harassed her and Browning. According to Collins, the entire incident that occurred amounted to a misunderstanding.

{¶18} The inconsistencies that Browning identifies in the testimonies of the State's witnesses are minor, at best. Moreover, credibility determinations are primarily for the trier of fact. *State v. Wingate*, 9th Dist. No. 26433, 2013-Ohio-2079, ¶ 18, quoting *State v. Shue*, 97 Ohio App.3d 459, 466 (9th Dist.1994). "[T]his Court will not overturn [a jury's] verdict on a manifest weight of the evidence challenge simply because the [jury] chose to believe certain witnesses' testimony over the testimony of others." *State v. Ross*, 9th Dist. No. 12CA0007, 2013-Ohio-522, ¶ 16. The jury heard two different versions of the events here; one from the independent witnesses the State produced and one from Collins. Collins admitted that she was in love with Browning and still planned to marry him. Consequently, the jury could have chosen to believe that Collins refused to tell the truth about the attack in order to protect Browning.

Having reviewed the entire record, this is not the exceptional case where the jury lost its way by convicting Browning. Browning's argument that his conviction is against the manifest weight of the evidence lacks merit. Consequently, his second assignment of error is overruled.

Assignment of Error Number Three

THE TRIAL COURT ERRED IN PERMITTING THE STATE TO INTRODUCE OUT-OF-COURT STATEMENTS OF AN ALLEGED EYEWITNESS THROUGH THE PLAYING OF A 911 CALL WHICH DID NOT MEET THE ADMISSIBILITY REQUIREMENTS OF EVIDENCE RULE 804.

Assignment of Error Number Four

THE TRIAL COURT VIOLATED MR. BROWNING'S RIGHT TO A FAIR TRIAL UNDER THE FOURTEENTH AMENDMENT AND THE SIXTH AMENDMENT'S RIGHT TO CONFRONT WITNESSES BY THE IMPROPER ADMISSION INTO EVIDENCE OF HEARSAY STATEMENTS OF MR. FLEETWOOD[.]

{¶19} In his third and fourth assignments of error, Browning argues that the court erred by allowing the State to play a 911 call from Fleetwood's husband, as he did not testify at trial. Specifically, Browning argues that the call amounted to inadmissible hearsay and violated his rights under the Confrontation Clause.

{¶20} Crim.R. 52(A) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." "Before constitutional error can be considered harmless, we must be able to 'declare a belief that it was harmless beyond a reasonable doubt.'" *State v. Brown*, 65 Ohio St.3d 483, 485 (1992), quoting *Chapman v. California*, 386 U.S. 18, 24 (1967).

{¶21} Assuming without deciding that the trial court erred by admitting the 911 call from Fleetwood's husband, we must conclude that the error was harmless beyond a reasonable doubt. In the 911 call, Fleetwood's husband provides the 911 dispatcher with his location in the

event the police want to talk to him. Fleetwood's husband also conveys to the dispatcher that he witnessed a man "beating this girl up" and "had to pull [the man] off of her." Browning has not explained how the introduction of the call prejudiced him in light of the other testimony at trial. *See* App.R. 16(A)(7). The contents of the call merely reiterate Fleetwood's and Safko's description of the events at trial. Therefore, at most, the introduction of the call would amount to harmless error and would not warrant reversal. *See State v. Reives-Bey*, 9th Dist. No. 25138, 2011-Ohio-1778, ¶ 14 (harmless error applied to hearsay challenge); *State v. Hartney*, 9th Dist. No. 25078, 2010-Ohio-4331, ¶ 25-27 (harmless error applied to Confrontation Clause challenge). Browning's third and fourth assignments of error are overruled.

Assignment of Error Number Five

> THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST DEFENDANT WITHOUT COMPLYING WITH R.C. 2947.23(A)[.]

**{¶22}** In his fifth assignment of error, Browning argues that the trial court failed to comply with R.C. 2947.23 when it assessed court costs against him in the absence of the community service notifications set forth in the statute. We agree.

**{¶23}** Former R.C. 2947.23(A)[1] provides, in relevant part:

> (A)(1) In all criminal cases, * * *, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

> (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

---

[1] R.C. 2947.23(A) was amended effective May 22, 2013, and no longer requires notification to defendants that are sentenced to incarceration.

(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

A trial court must advise a defendant of the foregoing community service notifications at the sentencing hearing. *State v. Ibn-Ford*, 9th Dist. No. 26386, 2013-Ohio-2172, ¶ 77-78. "[I]t is reversible error for a trial court to fail to comply with the community service notifications of R.C. 2947.23(A)(1)(a) & (A)(1)(b) * * *." *State v. Ross*, 9th Dist. No. 25778, 2012-Ohio-1389, ¶ 28.

{¶24} The record reflects that the trial court imposed costs upon Browning, but did not inform him at his sentencing hearing that his failure to pay them could result in the imposition of community service or that he would receive credit toward the costs from any community service so imposed. As such, the trial court did not comply with the community service notifications set forth in former R.C. 2947.23. *Ibn-Ford* at ¶ 78. The "proper remedy" for a trial court's failure to comply with the notification provisions of R.C. 2947.23 "is to reverse the trial court's imposition of court costs and remand for the proper imposition of court costs in accordance with the requirements set forth in [the statute]." *State v. Debruce*, 9th Dist. No. 25574, 2012-Ohio-454, ¶ 38. Accordingly, Browning's fifth assignment of error is sustained and, upon remand, the trial court must comply with the notice requirements of former R.C. 2947.23.

III

{¶25} Browning's fifth assignment of error is sustained. His remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.


BETH WHITMORE
FOR THE COURT


MOORE, P. J.
BELFANCE, J.
CONCUR.


APPEARANCES:

LEE A. SCHAFFER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.