[Cite as *State v. Eader*, 2013-Ohio-3709.]

STATE OF OHIO          )               IN THE COURT OF APPEALS
                             )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

STATE OF OHIO                            C.A. No.       26762

      Appellee

      v.                                    APPEAL FROM JUDGMENT
                                            ENTERED IN THE
BENJAMIN M. EADER                 COURT OF COMMON PLEAS
                                            COUNTY OF SUMMIT, OHIO
      Appellant                          CASE No.      CR 12 03 0697 (A)

DECISION AND JOURNAL ENTRY

Dated: August 28, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, Benjamin Eader, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I

{¶2} On February 29, 2012, the contents of a garbage truck servicing Newcastle Drive caught fire directly after the truck collected the trash from 725 Newcastle Drive. The garbage truck driver emptied the contents of the garbage truck onto the street and contacted the Akron Fire Department. Subsequently, Officer Adam Lemonier responded to the scene and searched the area of the garbage pile that the fire department had identified as the source of the fire. The search uncovered two-liter reaction bottles, rubber gloves, pseudoephedrine blister packets, strict lithium, acid gas generators, cold packs, and burned cans of Coleman fuel. In one particular bag that had remained closed and intact in spite of the fire, Officer Lemonier found rubber gloves, pseudoephedrine blister packs, and mail addressed to Eader at 725 Newcastle Drive. He then

obtained a warrant to search 725 Newcastle Drive based on his belief that methamphetamine was being manufactured there. The search of the residence uncovered multiple firearms, several components of methamphetamine production, and $5,400 in cash.

{¶3} A grand jury indicted Eader on each of the following counts: (1) illegal manufacturing of methamphetamine, in violation of R.C. 2925.04(A); (2) illegal assembly or possession of chemicals for the manufacturing of methamphetamine, in violation of R.C. 2925.041(A); (3) having weapons while under disability, in violation of R.C. 2923.13(A)(3); and (4) aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1). The indictment also contained two forfeiture specifications for the $5,400, pursuant to R.C. 2941.1417.

{¶4} Eader filed a motion to suppress, and the trial court held a hearing on the motion. Subsequently, the trial court denied Eader's motion, and Eader pleaded no contest to all of the counts and specifications in the indictment. The court sentenced Eader to a total of five years in prison, a mandatory fine in the amount of $7,500, and costs and attorney fees. The court also ordered the forfeiture of the $5,400.

{¶5} Eader now appeals from his convictions and raises seven assignments of error for our review. For ease of analysis, we combine several of the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN PLACING THE BURDEN OF PROOF TO DEMONSTRATE A VIOLATION OF HIS RIGHTS ON EADER AT THE HEARING ON HIS MOTION TO SUPPRESS.

Assignment of Error Number Two

EADER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL

FAILED TO ARGUE THAT THE STATE BEARS THE BURDEN OF PROOF
AT THE SUPPRESSION UPON PROPER MOTION BY A DEFENDANT.

**{¶6}** In his first assignment of error, Eader argues that the trial court erred by placing the burden of proof at the suppression hearing upon him rather than the State. In his second assignment of error, he argues that his trial counsel was ineffective for not objecting to the court's error regarding the burden of proof at the suppression hearing. We disagree with both propositions.

**{¶7}** The placement of the burden of proof at the suppression stage depends upon the nature of the search at issue; that is, whether or not the search was conducted pursuant to a warrant.

> Where a search is established to be warrantless, the burden of persuasion is on the state to show the validity of the search. Where, however, the search is conducted under the authority of a warrant, the one challenging the search has the burden of showing the warrant was not based on probable cause, or was invalid in some other way.

(Internal citations omitted.) *State v. Perez*, 9th Dist. Lorain No. 89CA004611, 1990 WL 73636, *2 (May 30, 1990). *Accord State v. Smith*, 9th Dist. Summit No. 21069, 2003-Ohio-1306, ¶ 15.

**{¶8}** Eader argues that the trial court committed reversible error at the suppression hearing by placing the burden of proof on him and forcing him to call Officer Lemonier as a witness for the defense. Eader points this Court to several cases as support for the proposition that the State bears the burden of proof at the suppression stage. All of the cases Eader cites, however, are cases involving warrantless searches. *See State v. Martin*, 9th Dist. Summit No. 24812, 2009-Ohio-6948; *Cleveland v. Tedor*, 8th Dist. Cuyahoga No. 59461, 1990 WL 156075 (Oct. 18, 1990); *State v. Gasser*, 5 Ohio App.3d 217 (3d Dist.1980). There is no dispute that the police searched 725 Newcastle Drive pursuant to a search warrant.

{¶9} At the suppression hearing, the State produced copies of (1) the search warrant for 725 Newcastle Drive, (2) the affidavit upon which the warrant was issued, and (3) the inventory of items that resulted from the search. Only then did the trial court indicate that the defense should present its evidence. Because Eader sought to challenge a search conducted under the authority of a warrant, he bore the burden "of showing the warrant was not based on probable cause, or was invalid in some other way." *Perez* at *2. The record does not support Eader's argument that the trial court misplaced the burden of proof at the suppression hearing. Therefore, Eader's first assignment of error is overruled.

{¶10} Eader also argues that he received ineffective assistance of counsel because his trial counsel did not object when the trial court improperly placed the burden of proof upon him at the suppression hearing. We have already determined that the trial court did not misplace the burden of proof at Eader's suppression hearing. As such, "his ineffective assistance of counsel argument also must fail, as it is premised upon the same error." *State v. El-Jones*, 9th Dist. Summit No. 26136, 2012-Ohio-4134, ¶ 45. Eader's second assignment of error is overruled.

Assignment of Error Number Three

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR
WHEN IT DENIED EADER'S MOTION TO SUPPRESS[.]

{¶11} In his third assignment of error, Eader argues that the court erred by denying his motion to suppress. Specifically, he argues that the police lacked probable cause to obtain a warrant for 725 Newcastle Drive. We disagree.

{¶12} The Ohio Supreme Court has held that:

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Consequently, an appellate court must accept the trial court's findings of

> fact if they are supported by competent, credible evidence. *State v. Fanning*, 1 Ohio St.3d 19 (1982). Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

*State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. *Accord State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, ¶ 6 (*Burnside* applied). Accordingly, this Court reviews the trial court's factual findings for competent, credible evidence and considers the court's legal conclusions de novo. *State v. Conley*, 9th Dist. Lorain No. 08CA009454, 2009-Ohio-910, ¶ 6, citing *Burnside* at ¶ 8.

**{¶13}** "A warrant shall issue on [] an affidavit * * * sworn to before a judge of a court of record" once the judge "is satisfied that probable cause for the search exists." Crim.R. 41(C)(1)(2).

> In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing [judge] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

*State v. George*, 45 Ohio St.3d 325 (1989), paragraph one of the syllabus, quoting *Illinois v. Gates*, 462 U.S. 213, 238-239 (1983). "A court reviewing the sufficiency of probable cause in a submitted affidavit should not substitute its judgment for that of the issuing judge." *State v. Hoang*, 9th Dist. Medina No. 11CA0013-M, 2012-Ohio-3741, ¶ 49. "[T]he duty of a reviewing court is simply to ensure that the [judge] had a substantial basis for concluding that probable cause existed." *George* at paragraph two of the syllabus. Great deference should be afforded to the issuing judge's probable cause determination, "and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *Id.*

{¶14} Officer Lemonier provided the affidavit in support of the warrant for 725 Newcastle Drive. In his affidavit, Officer Lemonier averred that he was a thirteen-year veteran of the Akron Police Department and had received training in the detection of methamphetamine laboratories as a member of the Clandestine Lab Enforcement Team. According to Officer Lemonier's affidavit, the driver of the garbage truck responsible for Newcastle Drive on February 29, 2012, noticed a fire break out in the rear of the truck after she collected the trash from 725 Newcastle Drive. The driver then emptied the contents of the truck onto the street and contacted the fire department. Officer Lemonier averred that the trash bag that appeared to be the source of the fire contained "methamphetamine lab related items – Ammonium Nitrate/Lithium bottles, rubber gloves, pseudoephedrine boxes, blister packs and gas generators." He further averred that the garbage truck driver "believed the [burnt] bag to be the one that she had just picked up from 725 Newcastle Drive." Officer Lemonier stated that he sifted through the trash pile "in the immediate area of the bag which had caught fire [and] found another trash bag similar to the one that burned." The unburned bag contained "blister packs, rubber gloves similar to the ones that had burned, kitty litter and mail addressed to Benjamin Eader at 725 Newcastle Drive." Based upon all of the foregoing information, Officer Lemonier requested and received a warrant for 725 Newcastle Drive.

{¶15} Eader argues that the warrant here was not supported by probable cause because "[t]he trash used to develop probable cause was already mixed with the trash of the neighborhood" when Officer Lemonier found it. According to Eader, the paraphernalia in the large trash pile could have come from anyone's home. Eader insists that there was no evidence tying the paraphernalia directly to his home. As to the mail addressed to him that the police

found in the same location as the paraphernalia, Eader argues that "there was bound to be mail addressed to [him] and everyone else in the neighborhood in the big trash pile."

{¶16} "[O]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause applicable to the issuing of a search warrant." (Internal quotations and citations omitted.) *State v. Crumpler*, 9th Dist. Summit Nos. 26098 & 26118, 2012-Ohio-2601, ¶ 10. In his affidavit, Officer Lemonier averred that the trash bag containing Eader's mail was in "the immediate area" of the bag that had started the fire and was similar to the bag that had started the fire. Further, both the bag that had started the fire and the bag containing Eader's mail contained several of the items Officer Lemonier linked to methamphetamine production. Officer Lemonier averred that the rubber gloves he found in the bag with Eader's mail were similar to the burnt rubber gloves that were found in the burnt trash bag. He also included in his affidavit the intelligence gained from the garbage truck driver. The driver stated that the fire in her truck started after she collected the trash from 725 Newcastle Drive, the address listed on Eader's mail. Additionally, she stated that she believed the burnt bag was the one "she had just picked up from 725 Newcastle Drive."

{¶17} Although the garbage from 725 Newcastle Drive was mixed with the garbage from other homes, there was a separate, closed bag containing both Eader's mail and several items linked to methamphetamine production. The State only had to demonstrate the probability of criminal activity at 725 Newcastle Drive to secure a warrant for the property. *Id.* at ¶ 10. Upon our review of Officer Lemonier's affidavit, we must conclude that the trial court properly determined that the judge who issued the warrant here "had a substantial basis to suspect that a probability of criminal activity existed at [725 Newcastle Drive]." *State v. Beauford*, 9th Dist.

Summit No. 25767, 2011-Ohio-5628, ¶ 15. As such, Eader's third assignment of error is overruled.

Assignment of Error Number Four

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST EADER WITHOUT COMPLYING WITH R.C. 2947.23(A)(1)(A).

Assignment of Error Number Five

EADER WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF COURT COSTS UNDER R.C. 2947.23(A)(1)(A) WAS DEFECTIVE.

{¶18} In his fourth assignment of error, Eader argues that the trial court failed to comply with R.C. 2947.23 when it assessed court costs against him in the absence of the community service notifications set forth in the statute. In his fifth assignment of error, he argues that his trial counsel was ineffective for not challenging the court's imposition of costs.

{¶19} At the time of Eader's sentencing hearing, R.C. 2947.23(A)(1) provided, in relevant part, that:

> [i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:
>
> (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
>
> (b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

Former R.C. 2947.23(A)(1) required trial courts to advise defendants of the foregoing community service notifications at their sentencing hearings. *State v. Ibn-Ford*, 9th Dist. Summit No. 26386, 2013-Ohio-2172, ¶ 77-78. This Court has held that a trial court's failure to comply with the community service notifications of R.C. 2947.23(A)(1)(a) & (A)(1)(b) constitutes reversible error. *State v. Ross*, 9th Dist. Summit No. 25778, 2012-Ohio-1389, ¶ 28.

{¶20} The record reflects that the trial court imposed costs upon Eader, but did not inform him at his sentencing hearing that his failure to pay them could result in the imposition of community service or that he would receive credit toward the costs from any community service so imposed. As such, the trial court did not comply with the community service notifications set forth in Former R.C. 2947.23. *Ibn-Ford* at ¶ 78. The "proper remedy" for a trial court's failure to comply with the notification provisions of Former R.C. 2947.23 "is to reverse the trial court's imposition of court costs and remand for the proper imposition of court costs in accordance with the requirements set forth in [the statute]." *State v. Browning*, 9th Dist. Summit No. 26687, 2013-Ohio-2787, ¶ 24, quoting *State v. Debruce*, 9th Dist. Summit No. 25574, 2012-Ohio-454, ¶ 38. Accordingly, Eader's fourth assignment of error is sustained and, upon remand, the trial court must comply with the notice requirements of Former R.C. 2947.23.

{¶21} In light of this Court's resolution of Eader's fourth assignment of error, his fifth assignment of error regarding ineffective assistance of counsel is moot and we decline to address it. *State v. Boone*, 9th Dist. Summit No. 26104, 2013-Ohio-2664, ¶ 31.

Assignment of Error Number Six

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING ATTORNEY FEES AGAINST EADER WITHOUT COMPLYING WITH R.C. 2941.51(D).

**{¶22}** In his sixth assignment of error, Eader argues that the trial court erred by imposing attorney fees against him without first making the ability to pay finding required by R.C. 2941.51(D). We agree.

**{¶23}** R.C. 2941.51(D) provides that:

fees and expenses approved by the court under [R.C.2941.51] shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay.

Thus, "R.C. 2941.51(D) allows a trial court to order a defendant to pay some or all of his court-appointed attorney fees, but only after finding that the defendant is financially capable of doing so." *El-Jones*, 2012-Ohio-4134, at ¶ 37. "[W]hen the trial court fails to determine that the defendant has the ability to pay at either the sentencing hearings or in the sentencing entries but nonetheless orders the defendant to pay attorney fees, the trial court fails to comply with R.C. 2941.51(D)." *State v. Clark*, 9th Dist. Summit No. 26673, 2013-Ohio-2984, ¶ 21. The appropriate remedy for such an error "is a remand for 'a determination of [the defendant's] financial ability to pay for his court-appointed counsel.'" *El-Jones* at ¶ 37, quoting *State v. Warner*, 9th Dist. Lorain No. 96CA006534, 2001 WL 1155698, *4 (Sept. 21, 2001).

**{¶24}** The record reflects that the trial court imposed attorney fees upon Eader in its sentencing entry, but did not orally inform him that he would be responsible for his attorney fees at the time of sentencing. Eader, therefore, did not have the opportunity to claim an inability to pay his attorney fees based on his indigency. We reject the State's argument that the "totality of the record" shows that the trial court considered Eader's ability to pay his attorney fees. As discussed in Eader's seventh assignment of error, the trial court only made a single statement about Eader's financial status and did so in reference to his mandatory fine. "A trial court's

determination that a defendant is indigent for the purpose of appointing appellate counsel is distinct from a determination of a defendant's indigency regarding his ability to pay a mandatory fine." *State v. Palmison*, 9th Dist. Summit No. 20854, 2002-Ohio-2900, ¶ 25. Because the court failed to consider Eader's ability to pay his attorney fees before it imposed them, this matter must be remanded for a determination of Eader's ability to pay. *El-Jones* at ¶ 37-38. Eader's sixth assignment of error is sustained.

Assignment of Error Number Seven

> THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING A FINE AGAINST EADER.

{¶25} In his seventh assignment of error, Eader argues that the court erred by assessing a fine against him after it determined at the sentencing hearing that he was indigent. We disagree, but nevertheless must remand this matter for resentencing.

{¶26} Two of Eader's convictions arose from violations of R.C. Chapter 2925. The first (illegal manufacturing of methamphetamine) was a second-degree felony, and the second (illegal assembly or possession of methamphetamine) was a third-degree felony. R.C. 2925.04(C)(3)(a); R.C. 2925.041(C). Both convictions required the trial court to impose a mandatory fine upon Eader in accordance with R.C. 2929.18(B)(1). R.C. 2925.04(D)(1); R.C. 2925.041(D)(1). That statute provides that:

> [f]or a first, second, or third degree felony violation of any provision of Chapter 2925 * * * of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense * * *. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

R.C. 2929.18(B)(1). "Because the fine is a statutory punishment, the trial court's failure to impose the fine when an affidavit of indigency is not filed with the court prior to the filing of the trial court's journal entry of sentencing renders that part of the sentence void." *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, ¶ 14.

{¶27} At the conclusion of the sentencing hearing, the State notified the trial court that it was required to impose a mandatory fine upon Eader. The trial court stated:

> All right. I'll forfeit $5,400, and I will also * * * impose the $15,000 [mandatory fine]. I'm sorry, that's the maximum. I will impose a $7,500 mandatory fine and a $5,000 fine on the F3; $7,500 on the F2; $5,000 fine on the F3. I will, however, find that [Eader] is indigent based on his upcoming prison sentence, and I will waive such.

In its sentencing entry, the trial court then ordered Eader to pay a mandatory fine in the amount of $7,500. Eader argues that the court erred by ordering him to pay $7,500 because the court waived both his fines on the record due to his indigency.

{¶28} It is unclear from the trial court's statements at the sentencing hearing whether the court intended to waive both of Eader's mandatory fines or just the $5,000 fine on the second-degree felony. Regardless, the record reflects that Eader never filed an affidavit of indigency in this case. In the absence of an affidavit of indigency, the trial court was required to impose a mandatory fine on both of Eader's counts. R.C. 2929.18(B)(1); *Moore* at ¶ 14. The court did not have the option to waive the fines based on its assumption that prison would render Eader indigent. *See State v. Bybee*, 9th Dist. Summit No. 19758, 2000 WL 1226614, *6 (Aug. 30, 2000) (trial court's inquiry into defendant's financial status "was not a substitute for the requirement of an affidavit under R.C. 2929.18(B)(1)"). Eader's argument to the contrary lacks merit, so his assignment of error is overruled. That conclusion, however, does not end the inquiry in this particular matter.

**{¶29}** The problem here is that the court only imposed one fine upon Eader when it was required to impose two fines; one for each of Eader's convictions under R.C. Chapter 2925. In considering a mandatory fine requirement identical to the one at issue here, the Ohio Supreme Court held that a trial court's failure to sentence a defendant to the mandatory fine when he or she has not filed an affidavit of indigency "renders that part of the sentence void." *Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, at syllabus. Because the court here failed to impose both mandatory fines upon Eader, that portion of Eader's sentence is void and the matter must be remanded for the purpose of resentencing on the issue of the mandatory fines. *Id.* at ¶ 17.

## III

**{¶30}** Eader's first, second, third, and seventh assignments of error are overruled, and his fifth assignment of error is moot. Eader's fourth and sixth assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for the trial court to: (1) comply with the notice requirements of Former R.C. 2947.23 before imposing costs upon Eader; (2) consider Eader's ability to pay his attorney fees before imposing them; and (3) impose the mandatory fines in accordance with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.