[Cite as *In re C.S.*, 2019-Ohio-3562.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: C.S.

C.A. No. 29398

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. DN 18-03-000253

DECISION AND JOURNAL ENTRY

Dated: September 4, 2019

SCHAFER, Judge.

{¶1}  Appellant Father appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated his parental rights and placed the child C.S. in the permanent custody of Summit County Children Services Board ("CSB" or "the agency"). This Court affirms.

I.

{¶2}  Mother and Father are the biological parents of C.S. (d.o.b. 12/6/17). Father is also the biological father of Mother, making him the grandfather of the child as well. C.S. was conceived when Mother was 17 years old. Based on the circumstances of the child's conception, Father was convicted of sexual battery of Mother and was sentenced to five years in prison.

{¶3}  C.S. was born with numerous medical issues which required her to spend the first four months of her life in the hospital. The parents struggled to assist in the infant's required around the clock care. Based on concerns that Mother and Father would not be able to provide

adequate and ongoing care for the medically fragile child, as well as concerns regarding domestic violence in the home, CSB filed a complaint alleging that C.S. was a dependent child. The agency obtained a springing emergency order of temporary custody, effective upon the child's release from the hospital. After adjudicatory and dispositional hearings, the juvenile court found that C.S. was a dependent child and placed her in the temporary custody of CSB.

{¶4} CSB subsequently filed a motion for permanent custody. The agency filed a motion to serve Father by certified mail because Father was incarcerated, making personal service impracticable. The juvenile court issued an order two weeks later authorizing CSB to serve Father by certified mail. Thereafter, the agency filed instructions for the clerk of courts to serve Father with the summons and motion by certified mail. A return receipt evidencing acceptance of the certified mail is in the record.

{¶5} Father filed a motion for conveyance from prison to attend the permanent custody hearing. The juvenile court granted the motion and issued a warrant to convey. Mother and Father were both present at the permanent custody hearing. Mother voluntarily relinquished her parental rights, but Father continued to oppose the agency's motion. After the hearing, the juvenile court granted CSB's motion for permanent custody and terminated Mother's and Father's parental rights to C.S. Father filed a timely appeal in which he raises two assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN GRANTING PERMANENT CUSTODY WHEN FATHER WAS NOT PROPERLY SERVED A COPY OF THE PERMANENT CUSTODY MOTION IN ACCORDANCE WITH R.C. 2151.29.

**{¶6}** Father argues that the juvenile court lacked personal jurisdiction over him at the permanent custody hearing because CSB had not properly served him regarding the agency's pursuit of permanent custody. In addition, Father argues that the lack of proper service violated his due process rights. This Court disagrees.

**{¶7}** Notice by summons of a permanent custody hearing must be served upon a parent in accordance with R.C. 2151.29. R.C. 2151.28(I). Generally, service must be effected "by delivering a copy to the person summoned, * * * or by leaving a copy at the person's usual place of residence." R.C. 2151.29. However, "[i]f the juvenile judge is satisfied that such service is impracticable, the juvenile judge may order service by registered or certified mail." *Id.*

**{¶8}** In this case, CSB filed a motion on December 13, 2018, to serve Father by certified mail because personal service was impracticable due to his incarceration. By written order filed on December 28, 2018, the juvenile court found that personal service on Father would be impracticable under those circumstances. It therefore ordered that the agency "may use **certified mail** to attempt successful and timely service of summons upon father[.]" (Emphasis in original.) Although the order inadvertently referenced the child's name after "father," that inclusion was clearly a typographical error. On January 9, 2019, the agency filed instructions with the clerk of courts to serve Father by certified mail. Thereafter, the clerk of courts sent the summons to "father" as ordered, addressed to his name and inmate number, and accepted by a person authorized to accept service at North Central Correctional Institution where Father was incarcerated. Accordingly, Father was properly served regarding the permanent custody hearing pursuant to R.C. 2151.29.

**{¶9}** Later, Father moved to be conveyed from prison to attend the permanent custody hearing. The juvenile court ordered Father's conveyance, and Father was present with his

counsel at the permanent custody hearing, where he had the opportunity to participate fully in the proceedings. Under the circumstances, there is no evidence that Father's due process rights were violated.

{¶10} Father was properly served in compliance with law. He received notice of the agency's intent to terminate his parental rights, and he was present and able to participate at the permanent custody hearing. Accordingly, his first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

FATHER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY DID NOT OBJECT TO LACK OF PROPER SERVICE.

{¶11} Father argues that his trial counsel was ineffective for failing to object to the lack of proper service regarding the permanent custody hearing. This Court has already determined that Father was properly served pursuant to R.C. 2151.29, i.e., there was no error in service affecting personal jurisdiction or due process. Accordingly, Father's "'ineffective assistance of counsel argument also must fail, as it is premised upon the same error.'" *State v. Eader*, 9th Dist. Summit No. 26762, 2013-Ohio-3709, ¶ 10, quoting *State v. El-Jones*, 9th Dist. Summit No. 26136, 2012-Ohio-4134, ¶ 45. Father's second assignment of error is overruled.

### III.

{¶12} Father's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.

AMBER CROWE, Attorney at Law, for Appellee.

JOSEPH KERNAN, Guardian ad Litem.