[Cite as *State v. Osorio*, 2017-Ohio-5837.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

WILFREDO OSORIO, JR.

    Appellant

C.A. No.     16CA010999

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     11CR082450

DECISION AND JOURNAL ENTRY

Dated: July 17, 2017

---

HENSAL, Presiding Judge.

{¶1} Wilfredo Osorio appeals his sentence from the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} The procedural history of this case is set forth in this Court's prior decision in *State v. Osorio*, 9th Dist. Lorain No. 13CA010355, 2015-Ohio-716. Briefly, after a bench trial, the trial court found Wilfredo Osorio guilty of vehicular homicide, operating a vehicle under the influence of alcohol and/or a drug of abuse, and operating a motor vehicle without a valid license. *Id.* at ¶ 4. The trial court sentenced Mr. Osorio to 18 months of imprisonment for the vehicular-homicide count, 180 days of imprisonment for the operating-a-vehicle-under-the-influence-of-alcohol-and/or-a-drug-of-abuse count, and 180 days of imprisonment for the operating-a-motor-vehicle-without-a-valid-license count, totaling 30 months of imprisonment.

The trial court also advised Mr. Osorio that he was subject to a discretionary period of post-release control for up to three years.

{¶3} Mr. Osorio appealed his convictions and sentence to this Court. On appeal, he argued that his convictions for operating a vehicle under the influence of alcohol and/or a drug of abuse and operating a motor vehicle without a valid license were not supported by sufficient evidence. *Id.* at ¶ 9. He also argued that his conviction for vehicular homicide was against the manifest weight of the evidence. *Id.* at ¶ 19. Most relevant to this appeal, he further argued that the trial court committed plain error by finding him guilty of operating a motor vehicle without a valid license. In this regard, he argued that, because the trial court granted the State's motion to amend the operating-a-motor-vehicle-without-a-valid-license count to a failure-to-reinstate count, the trial court erred by finding him guilty of a crime that was no longer an indicted offense. This Court agreed and ordered the matter to be "remanded to the point of the error for the trial court to determine whether Mr. Osorio is guilty of the offense charged in the amended indictment." *Id.* at ¶ 8. We overruled Mr. Osorio's challenges to the sufficiency and manifest weight of the evidence. *Id.* at ¶ 18, 27.

{¶4} On remand, Mr. Osorio pleaded guilty to the failure-to-reinstate count, and the trial court ordered him to pay a $100.00 fine. The trial court also ordered Mr. Osorio's release from prison because he had already served his sentence for the remaining convictions (i.e., the convictions for vehicular homicide and operating a vehicle under the influence of alcohol and/or a drug of abuse).

{¶5} Thereafter, Mr. Osorio petitioned the trial court for post-conviction relief, requesting that it vacate the imposition of post-release control on the basis that it did not re-

notify him regarding same at the resentencing hearing. He also argued that, because he had already completed his prison sentences, the trial court had no jurisdiction to correct this error.

{¶6} The trial court denied Mr. Osorio's petition. In doing so, it stated that the hearing it held relative to this Court's remand of the matter was not a full resentencing hearing. Rather, it was limited to the determination of whether Mr. Osorio was guilty of the failure-to-reinstate count, and, if so, to sentence him on that count only. It also stated that, even if the matter had been remanded for resentencing, it would have had no authority to review the sentences for the convictions that were not subject to the remand (i.e., his sentences for vehicular homicide and operating a vehicle under the influence of alcohol and/or a drug of abuse), which were the bases of the imposition of post-release control. It further stated that, because Mr. Osorio had already completed his prison sentences for those convictions, it would have had no authority to modify those sentences. Mr. Osorio now appeals that decision, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN RESENTENCING MR. OSORIO AND IN FINDING THAT THE TRIAL COURT WAS NOT REQUIRED TO PROVIDE NOTICE OF POST RELEASE CONTROL AT HIS RE-SENTENCING HEARING ON MARCH 30, 2015.

{¶7} In his assignment of error, Mr. Osorio argues that the trial court erred by denying his petition to vacate the imposition of post-release control. He argues that the hearing the trial court held relative to this Court's remand was a full resentencing hearing and, as such, the trial court was required to re-notify him regarding post-release control. Relatedly, he argues that, because the reversal of his conviction for operating a motor vehicle without a valid license affected his original aggregate sentence, the trial court was required to amend his originally

stated prison term and re-notify him regarding post-release control. Mr. Osorio, however, did not make the latter argument below and, therefore, cannot do so for the first time on appeal. *State v. Schwarz*, 9th Dist. Medina No. 02CA0042-M, 2003-Ohio-1294, ¶ 14, citing *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 279 (1993) ("Courts have consistently held that arguments which are not raised below may not be considered for the first time on appeal."). Lastly, Mr. Osorio argues that, because he completed his prison sentences, the trial court no longer has jurisdiction to re-impose post-release control.

{¶8} As this Court has stated, "a trial court has no authority to extend or vary the mandate of the appellate court." *State v. O'Neal*, 9th Dist. Medina No. 07CA0050-M, 2008-Ohio-1325, ¶ 11, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 4 (1984). Our decision in Mr. Osorio's prior appeal makes clear that we reversed his conviction for operating a motor vehicle without a valid license only, and remanded the matter "for the trial court to determine whether Mr. Osorio is guilty of [failure to reinstate,]" and for "further proceedings consistent with [our] decision." *Osorio*, 9th Dist. Lorain No. 13CA010355, 2015-Ohio-716, ¶ 8, 28. We expressly affirmed his other convictions. *Id.*

{¶9} Further, as the Ohio Supreme Court has stated, "[a]n appellate court may modify, remand, or vacate only a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, paragraph three of the syllabus. Thus, this Court could not – and did not – vacate Mr. Osorio's entire multiple-offense sentence based upon our reversal of his operating-a-motor-vehicle-without-a-valid-license conviction.

{¶10} Notwithstanding the foregoing, Mr. Osorio characterizes the trial court's hearing on the matter as a resentencing hearing as to all counts, and cites case law wherein the imposition of post-release control is vacated based upon the trial court's failure to properly notify the defendant regarding same. Here, however, there is no dispute that the trial court properly imposed post-release control during its initial sentencing. There is also no dispute that the operating-a-motor-vehicle-without-a-valid-license conviction was not subject to post-release control, nor was the subsequent conviction for failure to reinstate.

{¶11} Despite Mr. Osorio's arguments, the only action the trial court took on remand was relative to Mr. Osorio's conviction for failure-to-reinstate, which was not subject to post-release control. Given the arguments before this Court, we cannot say that the trial court erred by holding that it was not required to re-notify Mr. Osorio regarding post-release control for the convictions that were not subject to this Court's remand. Accordingly, Mr. Osorio's assignment of error is overruled.

III.

{¶12} Wilfredo Osorio's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

WILFREDO OSORIO JR., pro se Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.