[Cite as *State v. Biggins*, 2018-Ohio-1878.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 17CA0043-M |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| PAUL W. BIGGINS | COURT OF COMMON PLEAS |
| | COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 16CR0723 |

DECISION AND JOURNAL ENTRY

Dated: May 14, 2018

TEODOSIO, Judge.

{¶1} Defendant-Appellant, Paul Biggins, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Biggins was indicted on one count of theft based on his having taken funds from Medina Creative Housing aka Medina Creative Accessibility aka Medina Creative Living ("Medina Creative"). He later signed a written plea of no contest. The terms of his plea provided that the State would not pursue a term of incarceration against him as long as he agreed to the amount of restitution to be imposed. At the time of the plea hearing, however, the parties had yet to agree on the exact amount of restitution. The trial court, therefore, accepted Mr. Biggins' plea on the theft charge and scheduled the matter for another hearing on restitution. The scheduled hearing was later cancelled because the parties notified the court that they had agreed on an amount of restitution.

{¶3} At the sentencing hearing, the court ordered Mr. Biggins to serve two years of non-residential community control. It further ordered him to pay restitution to Medina Creative, pursuant to the parties' agreement. Although there was some discussion about how Medina Creative's insurance proceeds would affect Mr. Biggins' payments, Mr. Biggins and his attorney repeatedly stated that they were in agreement as to the amount of restitution owed. The trial court, therefore, ordered restitution in the amount of $23,840.55.

{¶4} Mr. Biggins now appeals from the trial court's judgment, ordering him to pay restitution in the amount of $23,840.55. He raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

DEFENDANT-APPELLANT'S TRIAL COURT COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY NOT REQUESTING A CONTINUANCE OF THE SENTENCING HEARING TO HOLD A RESTITUTION HEARING, IN ORDER TO DETERMINE THE CORRECT AMOUNT OF RESTITUTION, IF ANY, TO BE PAID BY DEFENDANT-APPELLANT TO THE THEFT VICTIM, AND DEFENDANT-APPELLANT WAS PREJUDICED AS A RESULT BY BEING REQUIRED TO PAY A MUCH LARGER AND ERRONEOUS AMOUNT OF RESTITUTION AS A PART OF HIS SENTENCE.

{¶5} In his sole assignment of error, Mr. Biggins argues that he received ineffective assistance of counsel. Specifically, he argues that his attorney should have requested a continuance at sentencing to clarify the amount of restitution he owed. For the following reasons, this Court rejects his argument.

{¶6} "On the issue of counsel's ineffectiveness, [an appellant] has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prove ineffective assistance of counsel, an appellant must establish that: (1) his counsel's performance was deficient, and (2) the deficient

performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Meanwhile, prejudice can be shown by proving "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus.

{¶7} Mr. Biggins signed a written plea agreement. The agreement he signed provided that, if the parties stipulated to an amount of restitution, the State would not recommend a jail sentence. Consistent with that agreement, the prosecutor indicated at sentencing that the State was not seeking a jail sentence, that Mr. Biggins was "agreeing to pay $23,840.55 and, * * * with that in mind, * * * that's why [the State was] making that recommendation * * *." Defense counsel responded by confirming that Mr. Biggins was "agreeing on making the restitution in the amount of [] $23,840.55," and Mr. Biggins vocalized his assent on the record. Following that discussion, the court orally announced its order that Mr. Biggins pay Medina Creative restitution in the amount of $23,840.55.

{¶8} After the trial court orally announced its restitution order, defense counsel interjected that Medina Creative had received $19,980 from its insurance provider to be applied "towards that money." The prosecutor insisted, however, that the insurance proceeds had already been applied to Medina Creative's losses, leaving a balance of $23,840.55. In light of defense counsel's statement, the court summarized its understanding that Mr. Biggins had taken $43,222.56 from Medina Creative and the company had received its insurance payment, "leaving a total to be repaid of $23,840.55." Defense counsel then responded that the parties were "in agreement on the $23,840 * * *," but that the defense believed Medina Creative's losses had

been reduced as a result of a $20,000 payment from Mr. Biggins rather than the insurance proceeds. In reply, the prosecutor stated that the parties previously had experienced

> some confusion as to whom restitution is due, but we agreed on the amount of restitution, Judge, to 23,000 and it's due to [Medina Creative]. That's who the money is owed to and I don't -- even with respect to the momentary disagreement or confusion, I don't think that [defense counsel] or Mr. Biggins is suggesting that they want to have a restitution hearing to pay someone else.

> I think we're all going to agree that's what happened here, $23,840.55 to [Medina Creative].

Defense counsel then once again confirmed that the parties were "in agreement on the amount * * *" and thanked the court for its consideration.

{¶9} Mr. Biggins argues that his attorney engaged in ineffective assistance of counsel when he failed to request a continuance at the sentencing hearing. He asserts that the parties were clearly in disagreement about the amount of restitution he owed, so a continuance would have afforded him the opportunity to request a restitution hearing. According to Mr. Biggins, the restitution amount the court ordered was erroneous because it failed to account for: (1) the insurance proceeds Medina Creative received, and (2) the fact that Medina Creative kept his final paycheck and unused vacation pay. He argues that he was prejudiced by his attorney's failure to seek a continuance and a restitution hearing because the court ordered him to pay more restitution than he actually owed.

{¶10} On direct appeal, an appellant may not establish ineffective assistance of counsel based upon evidence outside the record. *See State v. Eastridge*, 9th Dist. Summit No. 21068, 2002-Ohio-6999, ¶ 20. Moreover, this Court will not consider arguments for the first time on appeal. *See State v. Osorio*, 9th Dist. Lorain No. 16CA010999, 2017-Ohio-5837, ¶ 7. To the extent Mr. Biggins sets forth an argument about his final paycheck and unused vacation pay, the record reflects that he never raised that argument in the lower court. The only items the parties

discussed on the record were the final amount of restitution he owed and whether Medina Creative had already received its insurance proceeds. Because Mr. Biggins failed to present any evidence or argument about his final paycheck or unused vacation pay in the lower court, he cannot now rely on those items to establish ineffective assistance. *See Eastridge* at ¶ 20; *Osorio* at ¶ 7.

{¶11} Upon review, Mr. Biggins has not shown that, had his counsel sought a continuance at the sentencing hearing, the result in this matter would have been any different. *Bradley*, 42 Ohio St.3d 136 at paragraph three of the syllabus. When the parties came before the court for sentencing, they specifically discussed the insurance proceeds that Medina Creative received and how those proceeds had been applied towards its losses. Both the prosecutor and the trial court noted that the insurance proceeds had already been applied to reduce the restitution payment. In spite of that discussion, defense counsel confirmed that the parties were "in agreement on the amount" of restitution to be paid. Moreover, throughout the sentencing hearing, both defense counsel and Mr. Biggins represented to the court that they were stipulating to the exact amount of restitution owed. *See State v. Turner*, 105 Ohio St.3d 331, 2005-Ohio-1938, ¶ 41, quoting *State v. Post*, 32 Ohio St.3d 380 (1987) ("'Agreements, waivers and stipulations made by the accused, or by the accused's counsel in his presence, during the course of a criminal trial are binding and enforceable.'"). At no time did Mr. Biggins note that he wished to revoke his stipulation.

{¶12} Notably, Mr. Biggins reaped a benefit from his stipulation, as it kept the State from recommending that he receive any term of incarceration. Though he now takes issue with the amount of restitution the court imposed, both he and his counsel expressly agreed that the exact amount due was the amount the court imposed. Mr. Biggins essentially argues for a

windfall, as he seeks to both retain the remainder of the money he stole from Medina Creative (i.e., over $23,000) and avoid any period of incarceration. His stipulation, however, was that he owed Medina Creative restitution in the amount of $23,840.55. He has not explained how any additional time he might have gained as a result of a continuance would have changed his stipulation; particularly, when the State plainly aired its position that Medina Creative's insurance proceeds had already been applied. *See* App.R. 16(A)(7); *State v. Bray*, 9th Dist. Lorain No. 03CA008241, 2004-Ohio-1067, ¶ 21 (rejecting claim of prejudice where there was "no indication in the record that [appellant] pled no contest as a result of the alleged errors committed by his counsel"). Because Mr. Biggins has not established prejudice as a result of his counsel's alleged ineffectiveness, this Court rejects his argument. *See Bradley* at paragraph two of the syllabus. Mr. Biggins' sole assignment of error is overruled.

III.

{¶13} Mr. Biggins' assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.