[Cite as *State v. Brady*, 2023-Ohio-1783.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | | C.A. No. 22AP0033 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON BRADY | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2021 CRC-I 000423 |

DECISION AND JOURNAL ENTRY

Dated: May 30, 2023

HENSAL, Presiding Judge.

{¶1} Appellant, Jason Brady, appeals an order of the Wayne County Court of Common Pleas that denied his motion to suppress. This Court affirms.

I.

{¶2} On November 10, 2020, a Wooster police officer stopped a vehicle near the intersection of Spink Street and High Street after the driver initiated a righthand turn without first activating the turn signal. As the officer approached, Mr. Brady, who was seated in the rear passenger-side seat, tried to exit the vehicle. The officer recognized the driver and both passengers, although the driver provided a false name. Knowing that the driver was under a license suspension, the officer decided to return to her cruiser to check for warrants on the two passengers. While she was doing so, Mr. Brady asked another officer if he could leave to return to his nearby home. The officer told him that he needed to remain at the location of the stop. During a subsequent search, officers found drugs and a gun on his person.

{¶3} Mr. Brady was charged with aggravated trafficking in drugs, aggravated possession of drugs, having a weapon while under disability, and carrying a concealed weapon, in addition to several forfeiture specifications. He moved to suppress the evidence gained as a result of the search. The trial court denied the motion.

{¶4} Mr. Brady pleaded no contest, and the trial court found him guilty of each charge. The trial court sentenced Mr. Brady to three years in prison and ordered the forfeiture of his property. From that order, Mr. Brady filed this appeal.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT DID NOT RULE ON THE ENTIRE MOTION TO SUPPRESS.

{¶5} In his first assignment of error, Mr. Brady argues that the trial court erred by limiting its decision to his argument that the officers did not have a basis to detain him during the stop and disregarding his argument that they lacked a reasonable suspicion to search him. Mr. Brady did not raise an issue with the search of his person in his motion to suppress, however, and the parties agreed that the scope of the hearing on the motion was limited to the question of his detention. In effect, Mr. Brady urges this Court to consider the legality of the search for the first time on appeal. We decline to do so. *See State v. Osorio*, 9th Dist. Lorain No. 16CA010999, 2017-Ohio-5837, ¶ 7.

{¶6} Mr. Brady's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

LAW ENFORCEMENT HAD NO CAUSE TO DETAIN APPELLANT AND NO REASONABLE ARTICULABLE SUSPICION TO SEARCH HIM.

{¶7} Mr. Brady's second assignment of error argues that the trial court erred by denying his motion to suppress. Because, as noted above, Mr. Brady did not raise his reasonable suspicion to search argument in the trial court, this Court's discussion is limited to the question of his detention during the stop.

{¶8} This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Id*. Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. *See id*. In other words, this Court accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶9} Mr. Brady has not challenged the trial court's findings of fact. In its ruling on the motion to suppress, the trial court found that Mr. Brady was a passenger riding in the backseat of the vehicle that was stopped by law enforcement. The trial court noted that the officer who initiated the stop knew Mr. Brady, the driver, and the other passenger. The trial court found that another officer stayed with the vehicle while the first officer checked for warrants and wrote a citation. Although Mr. Brady's house was near the location of the stop, the trial court noted that he was not permitted to leave the scene.

{¶10} Mr. Brady has not challenged the validity of the stop, nor has he argued that the length of the driver's detention was unlawful. *Compare State v. King*, 9th Dist. Medina No.

19CA0042-M, 2020-Ohio-1312, ¶ 13-18.  Similarly, Mr. Brady does not maintain that he himself was detained beyond the lawful duration of the stop.  *Compare State v. Isabele*, 144 Ohio App.3d 780, 785 (12th Dist.2001).  Instead, his argument is that because he was a passenger and not the subject of the citation that was being processed—and because his home was nearby—officers were not justified in detaining him during the stop for any period of time.  When a vehicle subject to a lawful traffic stop contains passengers, however, the Fourth Amendment permits the detention of those passengers for the duration of the driver's lawful detention.  *King* at ¶ 10, quoting *State v. Fry*, 9th Dist. Summit No. 23211, 2007-Ohio-3240, ¶ 16.

{¶11}  The trial court did not err by concluding that the officers could detain Mr. Brady for the duration of the driver's detention.  Mr. Brady's second assignment of error is overruled.

III.

{¶12}  Mr. Brady's assignments of error are overruled.  The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

COLE F. OBERLI, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and DAVID FOLK, Assistant Prosecuting Attorney, for Appellee.